United States District Court
Southern District of Texas
**ENTERED**
December 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CIHAN AYANA, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-23-2937 |
| § | |
| UR M. JADDOU, Director, U.S. § | |
| Citizenship and Immigration Services, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

**I.     Background**

Cihan Ayana, a citizen of Turkey, came to the United States in 2018 on a diplomatic visa. (Docket Entry No. 15-2 at ¶¶ 24–25). Since 2019, he has diligently sought and obtained permission for himself and family members to remain and work in this country while he seeks asylum. He has been waiting for a hearing and decision on his asylum application since then.

Frustrated by the long wait, Ayana filed this lawsuit, seeking an order under the Mandamus Act and the Administrative Procedure Act to compel the United States Citizenship and Immigration Services to complete the interview and adjudication of his Form I-589 application for asylum and withholding of removal. (Docket Entry No. 1). The defendant, Ur Mendoza Jaddou, director of the United States Citizenship and Immigration Service, responded by arguing that while the agency recognizes the problem, it lacks the resources to act more quickly and this court lacks the ability to compel faster action. The USCIS moves to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). (Docket Entry No. 15).

The court agrees that under this circuit's jurisprudence, the court must grant the USCIS's motion under Rule 12(b)(1) and Rule 12(b)(6) and dismiss Ayana's mandamus application and claim under the Administrative Procedure Act. The reasons are set out below.

## II.  The Legal Standards

### A.  Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the

parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**B.     Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 309 (5th Cir. 2014). A motion to dismiss under Rule 12(b)(1) calls into question the district court's subject-matter jurisdiction. A movant may demonstrate a lack of jurisdiction from (1) the face of the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). The party invoking the court's jurisdiction carries the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Courts have a duty to ensure that subject-matter jurisdiction exists. *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). When a court discovers that it lacks subject-matter jurisdiction, "*sua sponte* dismissal is mandatory." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). Dismissal must, however, be without prejudice to refiling in a forum of competent jurisdiction. *Id.* at 498.

C.     Rule 56

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)).  "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted).  "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).  "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th

4

576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

**III.     Analysis**

Because the USCIS has submitted evidence outside the pleadings—a declaration by Bryan Hemming, acting director of the Houston Asylum Office of the USCIS and Department of Homeland Security—the court treats this motion as one for summary judgment. *See* FED. R. CIV. P. 12(d). The USCIS has cited authority showing that this court cannot compel the USCIS to act more quickly on Ayana's asylum application. (Docket Entry No. 15 at 19–21). The USCIS has also provided evidence showing that the agency is literally overwhelmed by applications similar to Ayana's. (Docket Entry No. 15-1 at ¶¶ 29–34). The USCIS argues that it has not acted because it lacks the resources to do so. (*Id.* at ¶ 56). The USCIS blames Congress for failing to provide enough money to enable the agency to reduce the backlogs generated by a combination of a large number of applicants and the effects of COVID-related shut downs and slow downs. (*Id.* at ¶¶ 50–55).

The court agrees that it lacks the authority to order the USCIS to push Ayana's application ahead of others. First, under 8 U.S.C. section 1158(d)(7), Ayana does not have a private right of action to enforce the timing provisions of 8 U.S.C. § 1158(d)(5). Second, this court lacks jurisdiction to force the agency to adjudicate a delayed asylum application. *See Belle Co. v. U.S.*

5

*Army Corps of Eng'rs*, 761 F.3d 383, 388 (5th Cir. 2014). Third, this court lacks authority to issue mandamus relief to compel the agency to decide Ayana's application under 28 U.S.C. § 1361 because timely action is not an agency duty that is enforceable by an impatient applicant. *Zhu v. Cissna*, 2019 WL 3064458, at *3 (C.D. Cal. Apr. 22, 2019). Finally, this court also lacks authority under § 706(1) of the APA to order the agency to implement programmatic changes necessary to speed the processing of asylum applications. The APA does not give the courts the authority to compel the agency to change the method it uses to schedule and process asylum applications. *See Sierra Club v. Peterson*, 228 F.3d 559, 566–67 (5th Cir. 2000).

In short, the authorities Ayana urges this court to use to order the USCIC to move more quickly to schedule an interview and decide his asylum application cannot bring him the relief he seeks. Ayana has admittedly waited a long time, only to be told that he must wait longer while his place in the line of applications slowly advances. At least, Ayana's Employment Authorization Document has been extended so he can continue to work in the United States while the USCIS adjudicates not only his asylum but also his Employment Authorization Document Extension. (Docket Entry No. 15-2 at ¶¶ 32–35). His spouse also has an Employment Authorization Document for almost another year. (*Id.* at ¶ 36).

The bottom line is that for now, Ayana must continue to wait. While the court sympathizes with Ayana's frustration, it is a frustration shared by millions in his position. To give him an accelerated place in line would add to the wait another would endure. The USCIS has identified many steps it has taken and is taking to speed the processing and adjudicating of asylum applications. More is needed, but that "more" is beyond this court's power to provide.

The court and Ayana are both left with one option. Wait. The court and Ayana both hope the wait is a short one. Fortunately, Ayana is allowed to remain in this country and work during

the wait. It is not a permanent or stable solution, but it avoids what may be unnecessary suffering and disruption to Ayanna and his family.

## IV.     Conclusion

The motion to dismiss, or for summary judgment, is granted. (Docket Entry No. 15). The case is dismissed for lack of jurisdiction.

SIGNED on December 27, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge